WILLIAM C. KIDD, Secretary, Department of Business Development
You ask for my opinion regarding the constitutionality of ch. 108, Laws of 1973. That act, among other things, establishes a small business investment company fund to be administered by the Department of Local Affairs and Development.
Section 1 of that act is the Statement of Policy:
"SECTION 1. STATEMENT OF POLICY. It is declared to be the policy of this state to improve and stimulate the state's economy in general and the small business segment thereof in particular by supporting the national policy embodied in the federal small business investment act of 1958, as amended, by establishing a program to stimulate and supplement the flow of private equity capital and long-term loan funds which small business concerns of this state need for the sound financing of their business operations *Page 213 
and for their growth, expansion and modernization. It is the intent of the legislature that this policy be carried out in such manner as to ensure the maximum participation of private financing sources."
Section 4 of that act indicates that the state will be purchasing debentures of small business investment companies and making loans to small business investment companies subject to certain conditions. That section also states that the purposes of the small business investment company fund are to:
"* * * assist, promote, encourage, develop and advance the general prosperity and economic welfare of the people of this state and to improve their standard of living and to improve employment opportunities in the state by purchasing.[,] either directly or in cooperation with banks or other lending institutions through agreements to participate on an immediate basis, of the debentures of small business investment companies; and to advance thereby the development of small business enterprises throughout the state as these are defined under the federal small business investment act of 1958. In carrying out such purposes and in exercising the powers granted by this section, the department shall be regarded as performing an essential governmental function."
The principal constitutional question related to this act is whether the appropriation made thereunder is for a public purpose. The notion that public funds may be expended only for public purposes has been argued in challenges to legislative acts for more than 100 years. 1970 Wis. L. Rev. 1115.
"* * * no specific clause in the constitution establishes this doctrine; nevertheless the public-purpose doctrine is firmly accepted as a basic constitutional tenet. * * *"
State ex rel. Bowman v. Barczak (1967), 34 Wis.2d 57, 62,148 N.W.2d 683.
The broad scope of what may constitute a valid public purpose was discussed in 58 OAG 119 (1969).
The Wisconsin Supreme Court has given considerable weight to legislative declarations of public need and public purpose. InBowman, supra, at page 69, the court said: *Page 214 
"In view of the legislative declaration as to public need and public purpose, sec. 59.071, Stats., is not unconstitutional upon its face. However, our decision cannot in any way be construed as containing an imprimatur of approval upon any actual performance by an industrial development corporation, and the respondents can glean but small comfort from this lawsuit. Nevertheless, the housekeeping expenditure involved in the case at bar and also the declaration of public purpose contained in the statute are entitled to our approval.
"We cannot at this point determine whether the corporations which may be created under this law will carry out the lofty purposes of the statute in a constitutional manner. The powers given to industrial development corporations under this enactment are so extensive that such a corporation might confer a direct benefit to a private industry with only a remote benefit to the general public; such action would be abhorrent to the constitution of Wisconsin even if it were deemed consistent with the statute. The possibility of operational illegality does not of itself condemn the legislation because, as noted earlier, we presume constitutionality, and the relator has not presented us with facts demonstrating that the instant expenditure is not for a valid public purpose under the statute."
In a recent decision the Wisconsin Supreme Court discussed the public purpose doctrine at considerable length. The court reviewed the legislature's declaration of public need and public purpose of the statute under consideration. The stated purpose of that statute involved a promoting of gainful employment, business opportunities and enhancing the tax base by authorizing municipalities to acquire industrial buildings and to finance such acquisitions through the issuance of revenue bonds. The court said that although it was not bound by legislative expressions of public purpose, it "* * * will give great weight and afford very wide discretion * * *" to these declarations. The court referred to an earlier decision where it had upheld an industrial development law "* * * in light of the legislative declaration of public purpose and in the absence of operational facts demonstrating otherwise, * * *." State ex rel. HammermillPaper Co. v. La Plante (1973), 58 Wis.2d 32, 50, 51,205 N.W.2d 784. There, as here, the avowed public purpose involved improving and stimulating the state's economy. I am not aware of any operational facts here that would contradict the *Page 215 
legislature's declared purpose. I conclude that ch. 108, Laws of 1973, is probably constitutional as evidencing a public purpose.
Even though I have assumed that the legislation in question probably serves a valid public purpose, some consideration should be given to the potential impact of Wis. Const., Art. VIII, sec.10, which prohibits the state from being a party in carrying on any works of internal improvement. "Works of internal improvement" as used in the constitution has been defined as not merely the construction or improvement of channels of trade and commerce "but any kind of public works, except those used by and for the state in performance of its governmental functions such as a state capitol, state university, penitentiaries, reformatories, asylums, quarantine buildings, and the like, for the purposes of education, the prevention of crime, charity, the preservation of public health, furnishing accommodations for the transaction of public business by state officers, and other like recognized functions of state government." State ex rel.LaFollette v. Reuter (1966), 33 Wis.2d 384, 401, 147 N.W.2d 304.
In that same case, the court in approving language in an earlier case said:
"`* * * It is true that some of the moneys which were paid out by the industrial commission, * * * which permitted reimbursement to the county or city of twenty-five percent of the labor cost of public works undertaken to provide for the unemployed, went into such public works, but the primary purpose of the state was notto become a party to carrying on works of internal improvements,but to reimburse the counties and cities which had made worksimply for the purpose of providing employment to theunemployed.'" (Emphasis supplied.) Reuter, supra, p. 402
Also, see Herro v. Wisconsin Federal Surplus PropertyDevelopment Corp. (1969), 42 Wis.2d 87, 109, 166 N.W.2d 433.
As indicated above, the legislative declaration in ch. 108, Laws of 1973, that "the department shall be regarded as performing an essential governmental function" is entitled to weight. Nevertheless, a court would still consider the operational facts, especially those which might appear in conflict with the legislative declaration. See *Page 216 
58 OAG 119, 133 (1969), for a discussion on "governmental function."
Our Supreme Court's most recent consideration of the internal improvement restriction is found in State ex rel. Warren v.Nusbaum (1973), 59 Wis.2d 391, 208 N.W.2d 780, where at pages 435-438, the court said:
"The interpretation and application of the internal-improvement restriction of the constitution has always presented difficult questions for this court. While each decision has precedential value, the specific facts then under consideration cannot be ignored. Also, the internal improvement restriction of the constitution has produced several constitutional amendments.
"The language of art. VIII, sec. 10, was not intended by the framers of the constitution to prohibit encouragement of all internal improvements. See State ex rel. Wisconsin DevelopmentAuthority v. Dammann, supra, pages 192, 193. In State ex rel.Jones v. Froehlich (1902), 115 Wis. 32, 91 N.W. 115, an effort was made to define the term `internal improvement.' The intervening years have proved, if nothing else, that the application of an abstract definition of the term has proved difficult. An examination of the cases coming before this court over the last seventy years leads to the conclusion that both this court and the legislature have been cognizant of changing times and the ever-changing needs of the state and its people. These cases demonstrate that in considering the application of the internal improvement restriction at least two factors are considered: (1) The dominant governmental function, and (2) the inability of private capital to satisfy the need. * * *
"* * *
"Petitioners allege that the state is made a party to carrying on works of internal improvement because of the initial appropriation of $250,000 to the Authority; sec. 234.15, Stats.; sec. 234.19; and also because sec. 234.30 provides that state agencies shall extend their cooperation to the Authority by providing personnel and facilities. We are of the opinion that underwriting the initial operating costs of the Authority and pledges of cooperation would not involve the state in the financing or construction of public housing; and that such activity on the part of the state constitutes *Page 217 
only the encouragement of such activity by others. State ex rel.Wisconsin Development Authority v. Dammann, supra.
"We have previously determined there is a valid public and state purpose for the enactment of ch. 234, and we now find and conclude the dominant purpose set forth in the enactment is a valid governmental function and that since private capital is unavailable, therefore, the proposal does not constitute an internal improvement prohibited by art. VIII, sec. 10, Wisconsin Constitution."
Although the matter is not free from doubt, it is my opinion, especially in view of the strong presumption of constitutionality, that a court would probably declare ch. 108, Laws of 1973, constitutional.
RWW:JEA